IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRYL JOHNSON, ) | |
| No. M14270, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-00664-GPM |
| ) | |
| RAVEN ORLIN, and ) | |
| DOCTOR LARSON, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Darryl Johnson, currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that since March 2012 Defendants Dr. Larson and Nurse Orlin have been deliberately indifferent to his serious medical needs. Plaintiff seeks monetary damages.

Plaintiff claims that he had an ingrown toenail on his right foot that became infected and very painful. Dr. Larson and Nurse Orlin treated Plaintiff with medication and twice-a-day foot-soaks, but Plaintiff received no relief. Plaintiff repeatedly asked that the nail be removed, and grievances were filed, but Dr. Larson would not alter his treatment regimen. Dr. Larson refused to remove the toenail until Plaintiff purchased new shoes, which Plaintiff could not afford. After more than a year, Dr. Larson finally removed the toenail, but that did not end Plaintiff's problems. Plaintiff had developed an infected toenail on his *left* foot in August 2012, and the same ineffective treatment regimen was being followed.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se*

complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

Deliberate indifference to a prisoner's serious medical needs may constitute cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). In order to state such a claim, a prisoner must allege "acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.,* 429 U.S. at 106.

A difference in opinion about the proper course of medical care does not support a claim of cruel and unusual punishment. *See Berry v. Peterman,* 604 F.3d 435, 441 (7th Cir. 2010). However, depending on the seriousness of the condition and the ease of providing treatment, delaying medical treatment can constitute deliberate indifference. *See Smith v. Knox County Jail,* 666 F .3d 1037, 1040 (7th Cir. 2012); *McGowan v. Hulick,* 612 F.3d 636, 640 (7th Cir. 2010). "Even a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim of deliberate indifference." *Smith,* 666 F.3d at 1040.

Based on the allegations that Plaintiff endured painful ingrown toenails for over a year, he has stated a colorable Eighth Amendment claim against Dr. Larson and Nurse Orlin.

**Pending Motions**

Plaintiff has filed a motion for service of process at government expense (Doc. 4). The Court has determined that Plaintiff is a pauper and accordingly granted the motion for leave to proceed *in forma pauperis* (Doc. 8). Therefore, pursuant to 28 U.S.C. § 1915(d), Plaintiff's motion for service of process at government expense (Doc. 4) is **GRANTED**.

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Donald G. Wilkerson for further consideration.

**Disposition**

  **IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's Eighth Amendment claim against Defendants **DR. LARSON** and **NURSE RAVEN ORLIN** shall proceed.

  **IT IS FURTHER ORDERED** that (Doc. 4) Plaintiff's motion for service of process at government expense is **GRANTED**.

  The Clerk of Court shall prepare for Defendants **DR. LARSON** and **NURSE RAVEN ORLIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

  With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

  Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may be granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** August 12, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge