IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARRYL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-664-MJR-DGW |
| | ) | |
| RAVYN OLIN and DENNIS LARSON, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).  For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants, Ravyn Olin and Dennis Larson be **GRANTED** and that the Court adopt the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

Plaintiff filed suit on July 11, 2013 (Doc. 1) against two Defendants, Ravyn Olin, a nurse, and Dr. Dennis Larson, who are employed at the Big Muddy Correctional Center ("Big Muddy CC").  Plaintiff alleges that he began to suffer from an ingrown toenail on his right foot from March 2012.  He was initially examined by Nurse Olin who "said it looked terrible and that she would put me in to see the doctor."  Thereafter, Plaintiff was being treated by Dr. Larson who, Plaintiff alleges, failed to provide adequate treatment.  Plaintiff alleges that the treatments

offered, foot soaks and medication, had no effect and that his condition was causing pain and a noticeable limp for months on end.  The nail was not removed until almost a year after symptoms developed.  Then, in August 2012, Plaintiff's left toe became infected with an ingrown toenail. As of the date of the Complaint, July 11, 2013, Plaintiff states that Dr. Larson has failed to remove the infected toenail on his left foot.  Plaintiff is proceeding on one claim of deliberate indifference to his serious medical need in violation of the Eighth Amendment against both Defendants.

On November 8, 2013, Defendants filed a Motion for Summary Judgment on the issue of exhaustion (Doc. 25).  Plaintiff failed to respond to the Motion in a timely manner and was given additional time to respond (Doc. 29).  Plaintiff's two page response filed on December 24, 2013 is an unsigned document in the form of an affidavit (Doc. 32).[1]  On January 21, 2014, this Court held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).  At the hearing, Plaintiff appeared by videoconference in addition to two witnesses, Sarah Johnson and Earnest Wayne Van Sant II.

Ms. Johnson, a chairperson of the Administrative Review Board ("ARB"), testified that the ARB received two grievances from Plaintiff, one dated September 25, 2012 and the other dated October 15, 2012.   In the September 25, 2012 emergency grievance, Plaintiff complained of pain, bleeding, and swelling of his toes and he stated that the treatment prescribed has not been working for months (Doc. 26-1, p. 4).  On October 1, 2012 the Chief Administrative

---

[1] Federal Rule of Civil Procedure 11(a) provides that all papers submitted by a party must be signed.  The Rule further provides that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."  *Id*.  By separate Order, Plaintiff will be directed to submit a signed response.  In the event that Plaintiff fails to comply, this Court **RECOMMENDS** that his response, Document 32, be **STRICKEN.**

Officer (CAO) of Big Muddy CC responded that the grievance was not an emergency (*Id.*).  On November 1, 2012, a counselor (Shane Tasky) responded to the merits of the complaint – noting that Plaintiff's condition was being treated by a medical doctor.  The ARB received this grievance on November 22, 2012.  The October 25, 2012 emergency grievance also concerned Plaintiff's toes and the lack of appropriate treatment (Doc. 26-1, p. 3).  That grievance also was not treated as an emergency grievance on October 19, 2012 and counselor Tasky responded on November 1, 2012 that this was a duplicate grievance and that Plaintiff was being treated by a doctor.  This grievance also was received by the ARB on November 22, 2012.[2]  In a response (that references only the October 15, 2012), the ARB instructed Plaintiff to provide a copy of the Grievance Officer's and CAO's response (*Id.* at 2).  The ARB has no record of receiving any response to its letter or any other grievances.

Plaintiff testified that he submitted numerous grievances (and written letters and verbal complaints) regarding his toes to prison officials: He submitted one grievance prior to September 25, 2012 but he put that grievance in the regular mailbox and not the mailbox for grievances.  He received no response to that grievance.  He also wrote two grievances after the October 15, 2012 grievance but he did not receive any responses to those grievances either.  As to the two grievances submitted to the ARB, Plaintiff testified that he submitted them directly to the ARB after receiving a response from his counselor because he felt that no one at the prison was helping him with his problem.  He testified that he was told by the grievance officer and others that his problem was being taken care of by the doctor.  When he received the response from the

---

[2] Plaintiff also wrote a letter to the ARB, dated November 19, 2012, complaining of his toe issues (Doc. 26-1, p. 5)

ARB, Plaintiff filed this lawsuit.[3]  Mr. Van Sant, a Record Office Supervisor at Big Muddy CC, testified that the institution (specifically, Plaintiff's master file) had no record of Plaintiff's grievances.  However, he also testified that some grievances may be located in Plaintiff's medical file, to which he did not have access.

## CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005).  The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970).  *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004).  A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*  The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*,

---

[3] Plaintiff finally testified that he no longer has any medical issues with respect to his toes but that he did suffer pain from the lack of appropriate treatment in the past.

407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

      The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.  In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies.  *Id.* 544 F.3d at 742.  If a Plaintiff has exhausted his remedies, the case will proceed on the merits.  If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

      Under the procedures set forth in the Illinois Administrative Code, an inmate must first

attempt to resolve a complaint informally with his Counselor.  ILL. ADMIN. CODE TIT. 20, § 504.810(a).  If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* §504.810(b).  The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance.  *Id.* § 504.830(d).  The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.*, § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken.  *Id.* §504.840.

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible

persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

Plaintiff states that he submitted a grievance prior to September 25, 2012 but that he placed it in the wrong box. That grievance was not properly submitted and the failure to respond to that grievance does not make the grievance process unavailable. As to the September 25, 2012 and October 15, 2012 grievances, Plaintiff readily admits that he did not submit the grievances to the CAO because he believed that they would just ignore his complaints. When the ARB returned the grievances to Plaintiff, he further admitted that his next step was to file this lawsuit (instead of following the ARB's instruction to get a response from the CAO). These grievances were not exhausted because Plaintiff failed to appeal the decision of his counselor in the manner required by the regulations (i.e. by appealing to the CAO). As to any grievances that Plaintiff allegedly submitted after October 15, 2012, this Court finds that they are irrelevant. Plaintiff already complained of problems with his toes on October 15, 2012. Even though he received a response from the CAO (that it was not an emergency) and his counselor, Plaintiff failed to follow the regulations and appeal the counselor's merits-based decision to the CAO. If Plaintiff elected to file additional grievances instead of following through with the appeals process, he failed to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. This Court **RECOMMENDS** that the District Court find that Plaintiff did not exhaust his administrative remedies as to both

Defendants.[4]

During the hearing Plaintiff stated a number of times that he was dismayed that no person would listen to his complaints and that he needlessly suffered for many months from painful ingrown toenails.  This Court is sympathetic that Plaintiff, from his statements, demeanor, and other pleadings, appears to be unfamiliar with the grievance and litigation process and seems genuinely exasperated at the lack of response to what he believed were serious and painful medical conditions.  If Plaintiff's Complaint is accurate, it is unfortunate that he may have suffered significant pain and temporary disability from the ingrown toenails.  The grievance rules identified above, however, place the burden on Plaintiff to address his concerns to the proper persons and in the proper manner prior to filing a lawsuit.  *Pavey* provides that the failure to properly exhaust can only be excused if the failure is "innocent (as where prison officials prevent a prisoner from exhausting his remedies)."  *Id*. 544 F.3d at 742.  While Plaintiff's failure to

---

[4]  In addition to the foregoing, this Court also would make a specific, alternative, recommendation as to Defendant Olin.  Plaintiff did not mention any particular conduct of Defendant Olin in his grievances.  When questioned why he did not name Defendant Olin, Plaintiff stated that he only named her as a Defendant in this lawsuit because she was the first nurse who saw the condition of his toe and recommended that he see a doctor.  This assertion is identical to a statement in the Complaint that Defendant Olin observed the condition of Plaintiff's toe and made an appointment for him to see the doctor.  There are no allegations in the Complaint about any of Defendant Olin's conduct: Plaintiff does not state that she provided inadequate medical care or that she, in any way, violated his constitutional rights.  Indeed, the Complaint only mentions her as the first nurse with whom he had contact.  Thereafter, Plaintiff only vaguely asserts that he told "nurses" that Dr. Larson's treatment plan was not working.  The Complaint therefore fails to state any claim as to Defendant Olin and she should be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007) (To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible.).  Dismissal of Defendant Olin is permissible at this stage of the litigation because the Court has an obligation to "dismiss the case at any time if the court determines that  . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).

follow the grievance procedure may be a result of his own lack of knowledge, no action of Defendants or the prison contributed to his failure to exhaust.  If Plaintiff had followed the procedures outlined above, he may have been granted the relief that he requested, appropriate medical care, without the necessity, and expense, of filing suit.

RECOMMENDATIONS

For the foregoing reasons, the following is hereby **RECOMMENDED:**

1.  That the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants, Ravyn Olin and Dennis Larson be **GRANTED** (Doc. 25).

2.  That the Clerk be **DIRECTED** to enter judgment in favor of Defendants Olin and Larson and against Plaintiff and that this matter be terminated.

3.  That the Response to the Motion for Summary Judgment be **STRICKEN** pursuant to Federal Rule of Civil Procedure 11(a) if Plaintiff fails to provide a signed response within the deadline imposed by the Order entered on January 21, 2014 (Doc. ___).

4.  That the Court adopt the foregoing findings of fact and conclusions of law.

In the alternative, this Court **RECOMMENDS** that the sole claim of deliberate indifference to a serious medical condition against Defendant Olin be **DISMISSED WITH PREJUDICE** for failure to state a claim (if this alternative is accepted, then only one claim for deliberate indifference against Defendant Larson would remain).

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 22, 2014**


                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**