IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRYL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:13-CV-00664-NJR-DGW |
| | ) |
| RAVEN ORLIN, DOCTOR LARSON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On July 11, 2013, Plaintiff Darryl Johnson filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging medical mistreatment by prison officials of his ingrown toenails. The case comes before the Court on a Report and Recommendation entered on January 22, 2014, by Magistrate Judge Donald G. Wilkerson (Doc. 39).

**A. Magistrate Judge Wilkerson's Report and Recommendation (Doc. 39)**

On November 8, 2013, Defendants Raven Orlin and Doctor Larson filed a Motion for Summary Judgment concerning Plaintiff's alleged failure to exhaust his administrative remedies prior to filing this lawsuit in accordance with the Prison Litigation Reform Act ("PLRA") (Doc. 25). Magistrate Judge Wilkerson held an evidentiary hearing concerning the exhaustion issue on January 21, 2014 (Doc. 37). After the hearing, Magistrate Judge Wilkerson issued a Report and Recommendation (Doc. 39)

recommending that the Court grant Defendants' Motion for Summary Judgment (Doc. 25). Magistrate Judge Wilkerson further recommends that Plaintiff's unsigned Response (Doc. 32) to the Motion for Summary Judgment (Doc. 25) be stricken pursuant to Federal Rule of Civil Procedure 11(a) (unless Plaintiff takes corrective action by submitting a signed response). Magistrate Judge Wilkerson alternatively recommends that the sole claim against Defendant Orlin be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

### B. Plaintiff's Objection (Doc. 41)

On February 4, 2014, Plaintiff filed a timely objection to Magistrate Judge Wilkerson's Report and Recommendation (Doc. 41). The district judge must undertake a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999); *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson*, 170 F.3d at 739 (citations omitted).

Plaintiff objects to Magistrate Judge Wilkerson's finding that he failed to file his grievances in the place, time, and manner that the Illinois Department of Corrections'

("IDOC") administrative rules concerning exhaustion require (Doc. 41). In the Report and Recommendation, Magistrate Judge Wilkerson found that Plaintiff intentionally (or perhaps unintentionally due to a misunderstanding of the Rules) skipped step two of the non-emergency IDOC exhaustion process because he believed he would not receive a response (Doc. 39 pp. 7-8). The Court will now undertake a *de novo* review of that finding.

### C. *De Novo* Review

As an initial matter, the IDOC rules allow for two distinct methods for processing inmate grievances -- non-emergency and emergency. Under the non-emergency process, the inmate must complete three levels of exhaustion; counselor review (step 1), Grievance Officer/Chief Administrative Officer ("CAO") review (step two), and Administrative Review Board ("ARB") review (step three). *See* 20 Ill.Admin.Code §§ 04.810, 504.830, 504.850. Alternatively, under the emergency process, the inmate must complete a two-step process; CAO review (step 1) and ARB review (step two). *See id.* §§ 04.840, 504.850. *See also, e.g., Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) (providing that the IDOC rules only require an inmate to appeal CAO's decision to ARB after receiving response to emergency grievance).

The record reflects that Plaintiff submitted two grievances in late 2012 concerning medical treatment of his ingrown toenails while incarcerated at Big Muddy Correctional Center, a prison under the authority of the IDOC (Docs. 26-1 p. 3-4). Neither grievance identifies a problem with a nurse, but one of them (dated October 15, 2012) identifies a

problem with medical treatment concerning Plaintiff's toes provided by "the doctor" (*see id*. p. 3).

Plaintiff originally submitted a grievance for emergency review on October 15, 2012 (*see id*.). The CAO reviewed the grievance on the next day and returned the grievance to Plaintiff as a non-emergency with instructions to submit the grievance through the normal process. It then appears that, on October 19, Plaintiff attempted to submit the October 15 grievance to a grievance counselor (step 1 of the non-emergency process) (*see id*.). It also appears that the ARB received the emergency grievance sometime on or around November 22, 2012 (*see id*. p. 2). The ARB returned the grievance to Plaintiff because there was no indication that he engaged in step two of the non-emergency process (*see id*.). The ARB did not acknowledge the fact that Plaintiff originally submitted the grievance through the emergency process and received a response from the CAO (*see id*.).

It is well-established that the PLRA requires prisoners to exhaust available administrative remedies in the time, place, and manner set out by the state. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002) ("…unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred"). Here, it appears more likely than not that Plaintiff did not properly complete all of the steps in the non-emergency process after the CAO returned the October 15 emergency grievance and instructed Plaintiff to re-submit the grievance through the non-emergency process. Accordingly, the Court reaches the same

conclusion reached by Magistrate Judge Wilkerson concerning Plaintiff's failure to properly exhaust through the non-emergency process. A question that was not examined, however, is whether Plaintiff properly exhausted his administrate remedies through the emergency process. The Court concludes that he completed both steps of the emergency grievance process. However, his appeal to the ARB was untimely.

It has been established the Plaintiff submitted the October 15 grievance as an emergency grievance and received a response from the CAO on October 16. Later, Plaintiff submitted the grievance to the ARB. This is all that the IDOC rules require with respect to emergency grievances. *See Thornton*, 428 F.3d at 694. Although the CAO instructed Plaintiff to re-submit his grievance through the non-emergency process, the IDOC rules do not specifically require it. *See* 20 Ill. Adm. Code § 504.840. After an inmate receives a response as to the emergency grievance from the ARB, exhaustion under the emergency process is effectively complete. *See, e.g., Glick v. Walker*, 385 F. App'x 579, 583 (7th Cir. 2010) (providing it was error to find an inmate failed to properly exhaust his administrative remedies after the CAO and ARB returned his emergency grievance because the inmate was not required to do something more than the IDOC rules specifically required and "one pass through the ARB was enough") (citing *Thornton*, 428 F.3d at 694; *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)).

Despite completing both steps of the emergency grievance exhaustion process, Plaintiff failed to timely appeal the CAO's decision to the ARB. An inmate must appeal

the CAO's decision "within 30 days after the *date of the decision*." 20 Ill. Admin.Code § 504.850 (emphasis added). The date of the CAO's decision regarding the emergency grievance in this case is October 16, 2012 (Doc. 26-1 p. 3). The ARB did not receive Plaintiff's appeal until November 22, 2012 (37 days later) (*see id*. p. 2). Thus, even allotting time for the appeal to reach the ARB by regular mail, Plaintiff's appeal to the ARB was untimely. Accordingly, Defendants' Motion for Summary Judgment (Doc. 25) is **GRANTED**.

### D. Remaining Briefing Issue

Finally, Magistrate Judge Wilkerson recommends that Plaintiff's unsigned Response (Doc. 32) to the Motion for Summary Judgment (Doc. 25) be stricken for failure to comply with Federal Rule of Civil Procedure 11(a), unless Plaintiff submits a corrected, signed response (Doc. 39 p. 2 n.1). Rule 11(a) requires the court to strike "any unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." FED. R. CIV. P. 11(a). After failing to initially respond to the Motion for Summary Judgment in a timely manner, Magistrate Judge Wilkerson ordered Plaintiff to respond and warned that failure to respond would result in dismissal (Doc. 29). Plaintiff then filed an unsigned, self-titled "affidavit" on December 24, 2013 (Doc. 32). After the Report and Recommendation was issued, Plaintiff filed a signed version of his response with his objection (Docs. 41-42). Accordingly, Plaintiff took appropriate action to correct his omission, and the Response (Doc. 32) need not be stricken at this time.

### E. Conclusion

The undersigned accordingly **ADOPTS** Magistrate Judge Wilkerson's Report & Recommendation (Doc. 39). The Motion for Summary Judgment (Doc. 25) is **GRANTED**. Pursuant to 42 U.S.C. § 1997e and *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Defendants Orlin and Doctor Larson are **DISMISSED with prejudice**. The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:   June 19, 2014**

*s/ Nancy J. Rosenstengel*
**NANCY J. ROSENSTENGEL**
**United States District Judge**